# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO,
# EASTERN DIVISION

**ERIN R. FLANAGAN,**
    Plaintiff, *pro se*,

v.

**NORTHEAST OHIO REGIONAL SEWER DISTRICT, et al.,**
    Defendants.

Case No.: 1:25-cv-02712-JPC

Judge: J. Philip Calabrese

Magistrate Reuben J. Sheperd

---

### PLAINTIFF'S EMERGENCY MOTION FOR LIMITED STATUS QUO RELIEF TO PREVENT MOOTNESS PENDING COURT REVIEW

---

### I. INTRODUCTION

Plaintiff seeks limited, interim relief solely to preserve the status quo and prevent mootness while the Court considers pending motions. Plaintiff does not seek adjudication of the merits, direction of agency action, or expansion of defendants. This request is prompted by post-filing developments demonstrating accelerated municipal and District action treating the challenged project as construction-ready, creating a substantial risk that the Court's ability to grant effective relief will be irreparably compromised before judicial review can occur.

Plaintiff does not ask the Court to adjudicate the merits of federal agency decision-making, direct agency action, or expand the scope of defendants. She asks only that the Court exercise its traditional equitable authority to prevent irreversible physical alteration of a federally protected historic landscape before the Court has an opportunity to determine whether effective judicial relief remains available.

## II. FACTUAL CONTEXT

Plaintiff filed this action on December 15, 2025, seeking preservation of the status quo while federally required review related to the Shaker Lakes parklands remains ongoing.

### A.  Pre-Filing Events Establishing Imminent Procedural Harm

On October 28, 2025, after learning that municipal defendants and the Northeast Ohio Regional Sewer District ("NEORSD") were pursuing National Park Service funding for a paved trail and related construction across the drained Horseshoe Lake basin, Plaintiff provided written legal notice to both the City of Shaker Heights and the City of Cleveland Heights raising concerns regarding unpermitted ground disturbance and the absence of completed federal review. Despite that notice, ground-disturbing activity continued within the protected parklands, including vegetation clearing, tree removal, and expanded tree-tagging across multiple areas of the Shaker Lakes Parklands.

On November 19, 2025, NEORSD and Shaker Heights publicly announced that approximately 100 tons of riprap would be installed at the Lower Shaker Lake dam "in mid-December." On December 4, 2025, NEORSD and Cleveland Heights accelerated that timeline, resulting in mobilization scheduled for December 5, 2025. In response, on December 5, 2025, Plaintiff issued a cease-and-desist demand to NEORSD, its contractor, and both municipalities concerning unauthorized ground-disturbing activity. That evening, NEORSD stood down from the planned work. NEORSD's corporate counsel, Eric Luckage, stated that the sewer district would conduct a comprehensive review of applicable legal requirements and would follow up before undertaking any further activity.

2

### B.  Post-Filing Municipal Acceleration on December 15, 2025

On December 12, 2025, Plaintiff learned that the City of Shaker Heights intended to advance emergency legislation authorizing agreements with NEORSD relating to the Shaker Lakes Parklands. That information, combined with the prior course of events, prompted Plaintiff to file the present action and her Motion for Preliminary Injunction on December 15, 2025.  *See* Complaint, Doc. 1, Page ID # 1-59; Motion for Preliminary Injunction, Doc. 2, Page ID # 60-62; Summons Service Receipts, Docs. 6-9, Page ID # 109-16.

Plaintiff's Complaint and Motion for Preliminary Injunction were filed and docketed on December 15, 2025 at approximately 12:07 p.m. Plaintiff provided courtesy notice of the filing to the Shaker Heights Law Director prior to the Shaker Heights City Council meeting that evening. Plaintiff did not provide advance notice to Cleveland Heights prior to its meeting because she was not aware, at the time of filing or notice, that Cleveland Heights would consider or act upon NEORSD-related emergency legislation that same evening.

That evening, both municipal defendants took formal legislative action authorizing execution of intergovernmental agreements with NEORSD. The Shaker Heights City Council adopted emergency legislation authorizing the City to enter into agreements with NEORSD and the City of Cleveland Heights relating to NEORSD's construction activities in the Shaker Lakes Parklands, rendering the authorization effective immediately upon passage.

On December 17, 2025, Plaintiff brought Defendant Shaker Heights' emergency legislative activities to adopt NEORSD's Shaker Lakes Parklands construction activities to the attention of the Court. *See* Notice of Changed Circumstances, Doc. 5, Page ID # 87-108.

For its part and, again, unbeknownst to Plaintiff until later, the Cleveland Heights City Council adopted Resolution No. 268-2025(PD) (First Reading), authorizing the Mayor to execute agreements with Shaker Heights and NEORSD for the construction, cost sharing, and maintenance of amenities included as part of NEORSD's construction plans for the Shaker Lakes Parklands, likewise declaring the legislation an emergency measure effective immediately.

The legislative materials and draft agreements allocate long-term maintenance and operational responsibilities and contemplate post-construction obligations premised on project completion. These measures were advanced as emergency or time-sensitive actions based on representations that authorization was necessary to avoid delay to construction.

These post-filing authorizations materially increase the risk that ground-disturbing activity will occur before this Court has an opportunity to rule, thereby threatening to render judicial review academic and to deprive the Court of the ability to grant effective relief.

### C.  December 23, 2025 Vegetation Clearing Incident

On December 23, 2025, Plaintiff was contacted by Shaker Heights residents reporting active vegetation clearing using chainsaws within the riparian connector between Horseshoe Lake and Lower Lake and near the Russell Family Memorial Stone and Grave marked by the Western Reserve Chapter of the Daughters of the American Revolution.

Plaintiff went to the site and personally observed approximately ten (10) to twelve (12) EnviroScience personnel cutting and removing understory and riparian vegetation with chainsaws within the Shaker Lakes parklands. Plaintiff provided notice to the EnviroScience crew chief that the land and any ground-disturbing activity within it were

4

the subject of pending federal litigation, *Flanagan v. Northeast Ohio Regional Sewer District, et al.*, Case No. 1:25-cv-02712-JPC (N.D. Ohio). Plaintiff's presence at the site was reactive and informational, not supervisory, and occurred only after residents reported active clearing during pending litigation. Plaintiff did not direct, instruct, or request cessation of work, did not purport to exercise authority over the contractor or its activities, and provided no opinion or legal advice on EnviroScience's vegetation clearing activities, including the use of chainsaws.

Following internal discussion, the EnviroScience crew chief indicated that she would seek direction from EnviroScience management and NEORSD. When NEORSD could not be reached, the crew indicated it would pause work pending further instruction. When Plaintiff left the site approximately ten minutes later, the crew was on lunch break, presumably awaiting guidance.

Plaintiff then provided written notice of this activity to NEORSD's counsel.

### D. Procedural Harm and Risk to Judicial Review

These events, taken together and in sequence, demonstrate an escalating pattern of post-notice and post-filing activity treating the project as construction-ready and authorizing or undertaking ground-disturbing activity within the Shaker Lakes parklands while this litigation is pending.

Absent limited, interim relief preserving the status quo, there is a substantial risk that further irreversible physical alteration of the parklands will occur before this Court has an opportunity to rule, thereby threatening to moot judicial review and deprive the Court of the ability to grant effective relief.

### III. LEGAL STANDARD

Federal courts possess inherent authority to issue temporary, status quo-preserving relief to prevent mootness and protect their jurisdiction. Where imminent action threatens irreversible change, limited interim relief is appropriate to ensure that the Court's eventual decision is not rendered ineffectual by events occurring in the interim.

Such relief is particularly appropriate where, as here, the requested restraint is narrow, temporary, and directed solely at preserving existing conditions pending judicial review, without resolving the merits of the underlying dispute.

### IV. ARGUMENT

#### A.  Interim Relief Is Necessary to Preserve the Court's Ability to Grant Effective Relief

Absent limited preservation, irreversible physical alteration of the Shaker Lakes parklands may occur before the Court has an opportunity to rule on Plaintiff's pending Motion for Preliminary Injunction. Once undertaken, such actions cannot be undone through later judicial relief.

Courts routinely act in these circumstances, not to resolve the merits, but to ensure that judicial review remains meaningful.

#### B.  Post-Filing Acceleration Creates Immediate Procedural Harm Independent of the Merits

The post-filing municipal authorizations and subsequent on-the-ground activity reflect reliance on construction readiness and long-term commitments while the scope and completion of required federal review remain contested.

Plaintiff does not ask the Court to decide today whether consultation was adequate or whether approvals were lawfully issued. She asks only that the Court prevent actions that would foreclose its ability to decide those questions at all.

**C. The Balance of Equities and Public Interest Favor Temporary Preservation**

The requested relief is narrow and time-limited. It preserves existing conditions while the Court considers pending motions. The burden of temporary restraint is minimal compared to the permanent loss of a historic public resource and the undermining of federally mandated process.

The public interest favors careful adherence to statutory review where historic properties are concerned.

**V. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1.  Order limited, temporary preservation of the status quo, enjoining Defendants from engaging in or authorizing further ground-disturbing activity in the Shaker Lakes parklands, including Horseshoe Lake and any directly or indirectly affected portions thereof, pending resolution of Plaintiff's pending Motion for Preliminary Injunction; and

2.  Grant such other relief as the Court deems appropriate to prevent mootness and preserve its jurisdiction.

Plaintiff is prepared to proceed on an expedited schedule.

Respectfully submitted,


/s/ Erin R. Flanagan
Erin R. Flanagan, Esq. (OH: 0083291)
Attorney at Law
3091 Essex Road
Cleveland Heights, Ohio 44118
Phone: (216) 312-9555
Email: erin@erinflanaganlaw.com
Plaintiff, *pro se*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on December 24, 2025, I served a true and correct copy of the foregoing Plaintiff's Emergency Motion for Limited Status Quo Relief to Prevent Mootness Pending Court Review upon counsel of record for Defendants, and upon Defendants not yet represented, by electronic mail and/or other means reasonably calculated to provide notice. Formal service will be completed in accordance with the Federal Rules of Civil Procedure.

By:

/s/ Erin R. Flanagan

Erin R. Flanagan