IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIN R. FLANAGAN, | ) CASE NO. 1:25-CV-02712 |
| | ) |
| Plaintiff, | ) JUDGE J. PHILIP CALABRESE |
| | ) |
| vs. | ) |
| | ) Magistrate Judge |
| NORTHEAST OHIO REGIONAL | ) Reuben J. Sheperd |
| SEWER DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CLEVELAND'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR EXPEDITED CONSIDERATION**

Defendant City of Cleveland ("City"), by and through undersigned Counsel, hereby opposes Plaintiff Erin Flanagan's ("Plaintiff") motion for temporary restraining order ("TRO") (Doc. 12) and motion for expedited consideration (Doc. 5) (collectively referred to as "TRO Motions").[1] The Court should deny Plaintiff's motions as they concern the City because Plaintiff's filings assign to the City no role in the harm Plaintiff seeks immediate injunctive relief to avoid. The real property Plaintiff purports to be at issue in her Complaint was leased by the City to Co-Defendants City of Shaker Heights ("Shaker") and City of Cleveland Heights ("Cleveland Heights"). Plaintiff does not allege that she is a party to any relevant lease.

A temporary restraining order is an extraordinary form of injunctive relief the purpose of which is to "preserv[e] the status quo to give a court time to determine whether a preliminary

---

[1] The City makes the instant filing without prejudice to any claim or defense it has in response to the Plaintiff's complaint, the rights to which it expressly reserves for a future responsive pleading.

injunction is warranted." *A&W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022) (unreported). Courts weigh four factors to determine whether such relief is warranted: (1) the movant's likelihood of success on the merits; (2) whether the movant would suffer irreparable harm absent immediate injunctive relief; (3) whether injunctive relief would substantially harm others; and (4) whether injunctive relief would serve the public interest. *See Northeast Ohio Coal. for Homeless and Serv. Empls. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Here, Plaintiff's lawsuit concerns Defendants Northeast Ohio Regional Sewer District's ("NEORSD") proposed alterations to certain real property that Plaintiff refers to as the "Shaker Lakes Parklands", which Plaintiff avers was initiated and has since been advanced without abiding by the procedural prerequisites of the National Historic Preservation Act, the National Environmental Policy Act, and the Clean Water Act. *See generally* Doc. 1. From what can be gleaned from Plaintiff's complaint, Shaker Heights and Cleveland Heights Cleveland Heights are being sued for their role as custodian and operational authorities for the real property in advancing and relying upon NEORSD's proposal. Doc. 1 at 1–2. The City's involvement, however, is limited to the bare fact that it holds title to the Shaker Lakes Parklands. Doc. 1 at 3–4. Plaintiff's complaint is otherwise undifferentiated, referring to "Defendants" collectively in its operative sections. *See* Doc. 1 at 4–11.

Plaintiff's TRO Motions do nothing to clarify the City's role in precipitating the alterations to the Shaker Lakes Parklands. *See generally* Doc. 17. Instead, Plaintiff's TRO Motions concern actions taken by NEORSD, Shaker Heights, and Cleveland Heights alone. *See* Doc. 17 at 2–5. The City itself is not even mentioned.

Because Plaintiff's Complaint and TRO Motions are not predicated on any alleged action or omission by the City, the Court should deny Plaintiff's Motions with respect to the City.

Respectfully submitted,

By:    */s Alejandro Luis González Mercado*
Alejandro Luis González Mercado (105416)
Robin C. Kunikis (0091061)
Gilbert E. Blomgren (0065240)
Assistant Directors of Law
William M. Menzalora (0061136)
Chief Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Tel: (216) 664-2800
Fax: (216) 664-2663)
Emails: AGonzalez2@clevelandohio.gov
RKunikis@clevelandohio.gov
WMenzalora@clevelandohio.gov
GBlomgren@clevelandohio.gov

*Attorneys for Defendant City of Cleveland*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 29th day of December, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s *Alejandro Luis González Mercado*
*One of the Attorneys for Defendant City of Cleveland*

## LOCAL RULE 7.1 CERTIFICATE

I certify that this case is unassigned, and this memorandum complies with the page limitations set forth in Local Rule 7.1.

/s *Alejandro Luis González Mercado*
*One of the Attorneys for Defendant The City of Cleveland*